UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. DAILEY,

    Petitioner,

v.                                               Case No. 8:19-cv-2956-T-02AAS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE
OF FLORIDA,

    Respondents.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on James Dailey's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus. Dkt. 2. The only ground states: "The Florida Clemency Process Particularly as Applied to James Dailey Fails to Act as the Fail Safe Guaranteed by *Herrera v. Collins* and is so Arbitrary it Violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution." *Id.* The procedural and factual history of this matter have been discussed at length in *Dailey v. Sec'y, Fla. Dep't of Corr.*, No. 8:07-cv-01897-T-02AAS (M.D. Fla).

"Petitions under § 2254 cannot be brought to challenge the process by which clemency decisions are made when issuance of a writ would not actually or

impliedly invalidate a sentence." *Valle v. Sec'y, Fla. Dep't of Corr.*, 654 F.3d 1266, 1267 (11th Cir. 2011); *see also Davis v. Scott*, No. 8:14-CV-01676-T-27TB, 2014 WL 3407473, at *2 (M.D. Fla. July 10, 2014). Mr. Dailey is challenging the constitutionality of Florida's clemency proceedings; this claim is not cognizable in a habeas proceeding under § 2254.

Accordingly, the Petition for Writ of Habeas Corpus, Dkt. 2, is dismissed. As this claim was improperly filed under § 2254, Petitioner cannot establish the requirements for a certificate of appealability and the Court declines to issue one. The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on December 5, 2019.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record